IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH STAFFORD, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED TREASURES, INC., a ) <br> Washington corporation, ) <br> ) <br> Defendant. ) <br>_____) | 2:04-cv-0047-GEB-PAN <br><br> <u>TRANSMISSION TO PARTIES</u> <br> <u>OF TRIAL DOCUMENTS</u> |

        The attached voir dire questions, preliminary jury instructions, closing jury instructions, and verdict form are provided to the parties for their consideration.

        Plaintiff's proposed voir dire has been considered but the precise questions submitted will not be asked because they are not pertinent enough to the purpose of voir dire.[1]  The purpose of voir dire is to "fairly and adequately" probe a juror's qualifications. <u>United States v. Toomey</u>, 764 F.2d 678, 683 (9th Cir. 1985) (indicating that a party "is not necessarily entitled to test the jurors on their capacity to accept his theory of the case.").

---

[1] Defendant did not propose any voir dire questions.

1

Plaintiff and Defendant's proposed jury instructions omitted or provided inadequate instructions for several issues. The parties are requested to provide adequate proposed jury instructions for contract conditions as they relate to the breach of contract and breach of implied covenant claims, the trebling of damages for trademark infringement, the awarding of attorney fees, the meaning of "use in commerce" within the false designation of origin instruction, and the calculation of damages. Specific to the issue of damages, proposed jury instructions are requested for the calculation of special damages for the breach of contract and breach of implied covenant claims, the calculation of general damages for the breach of implied covenant claim, the calculation of defendant's profit for the false designation of origin and false trademark registration claims, and the calculation of actual damages for the false trademark registration claim. Additionally, proposed instructions are requested for all aspects of awarding statutory damages for copyright infringement.[2]

In some instances the proposed jury instructions covered matters disposed of by the Final Pretrial Order either because they were not preserved for trial or because the fact is undisputed. I have omitted these matters from the draft jury instructions.

Also, the Plaintiff and Defendant's proposed verdict forms omitted or were not clear as to some issues. The parties are requested to provide clear verdict form questions as to the jury's

---

[2] "All aspects" includes when statutory damages are appropriate, whether the jury can award damages for some but not all of the works, how the jury decides which statutory range to use, and what factors should guide the jury in fixing an amount with in the statutory range.

2

verdict on the false trademark registration claim, the appropriateness of attorney fees for the trademark and copyright infringement claims, and the awarding of statutory damages for copyright infringement. It should also be noted that changes to jury instructions may effect the verdict form; parties are requested to consider the effects any proposed jury instructions may have and submit the proposed changes to the verdict form accordingly.

Adequate proposed instructions and clear verdict form questions for the above issues must be filed by September 9, 2005, or the jury will not be instructed as to these issues.[3] Moreover, if a party disagrees with or desires a modification of any of the attached trial documents, that party shall file a proposed change by September 9, 2005, with an explanation as to why the proposed change is required and the authority supporting the change.

Dated:  August 26, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[3] The parties are directed to meet and confer and attempt to agree on a joint submission in response to this order. Parties may submit proposals on which there is a dispute. Such independent proposals shall be accompanied by a statement as to the nature of the dispute and the legal authority supporting the proposal.