IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH STAFFORD, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED TREASURES, INC., a Washington corporation,<br><br>              Defendant. | 2:04-cv-0047-GEB-PAN<br><br><u>TRANSMISSION TO PARTIES OF TRIAL DOCUMENTS</u> |

      On September 9, 2005, the parties submitted certain proposed jury instructions. Most of the parties' joint proposed instructions have been incorporated into the attached revised instructions; the verdict form reflects those changes to the jury instructions. The reasons for certain revisions to the instructions are stated below.

      The parties' proposal to change Instruction 7[1] is not accepted because it deviates from the Ninth Circuit's model civil

---

[1] The parties proposed to change the Instruction 7 which appeared in the first set of jury instructions sent to the parties. That instruction has been deleted. A different instruction now appears as Instruction 7 in the attached jury instructions.

1

1  instruction number 3.6 by including an additional factor for the jury
2  to consider when evaluating a witness's credibility that has not been
3  shown necessary.
4      The parties' proposal to add language to what is now
5  Instruction 35 is not adopted because the requested addition is
6  duplicative of the language in what is now Instruction 12.[2]
7      Defendant's objection to what are now Instructions 8 and 9,
8  which are similar to Ninth Circuit model instructions on the
9  "likelihood of confusion" element of trademark infringement, is
10 unpersuasive.[3]  To sustain Defendant's objection would seem to require
11 the jury to speculate on the meaning of this element of the claim.
12 However, it appears the parties agree that the "likelihood of
13 confusion" instruction could be simplified.  This agreement appears
14 from each party's argument relating to what is now Instruction 9.
15 Defendant's argument indicates that "likelihood of confusion" would be
16 established by use of the trademark after termination of the Licensing
17 Agreement.  (Parties' Joint Submission at 22.)  Plaintiff's argument
18 states that he "agrees with Defendant [that] . . . likelihood of
19 confusion is really not an issue and likely will be established by
20 proof of use after end of the license agreement." (Id.)  To avoid
21 instructing the jury on matters that are not pertinent to what is
22 really at issue, the parties should agree on a proposed instruction

---

[2]   Instruction 35 appeared as Instruction 25 in the first set of jury instructions sent to the parties.
      Instruction 12 appeared as Instruction 11 in the first set of jury instructions sent to the parties.

[3]   Instruction 8 appeared as Instruction 9 in the first set of jury instructions sent to the parties.
      Instruction 9 appeared as Instruction 10 in the first set of jury instructions sent to the parties.

1  that could replace what is now Instruction 9.  Cf. <u>Achor v. Riverside
2  Golf Club</u>, 117 F.3d 339, 341-42 (7th Cir. 1997) (indicating that an
3  instruction should help jurors concentrate on the issue at hand).

4        Defendant objects to a portion of what was otherwise a
5  jointly proposed instruction relating to statutory damages for
6  copyright infringement.  That portion of the proposed instruction has
7  been deleted.

8        Defendant requests that the jury instructions be modified to
9  include an instruction on "double recovery."  Permitting actual
10 damages under both the Lanham and Copyright Acts could constitute a
11 double recovery.  See <u>Nintendo of America, Inc. v. Dragon Pacific
12 Int'l</u>, 40 F.3d 1007, 1011 n.1 (9th Cir. 1994).  Therefore, the jury
13 will be instructed that when determining actual damages and/or
14 Defendant's profits for a copyright violation it may not include those
15 damages caused by a trademark violation.  The jury will be similarly
16 instructed as to the determination actual damages and/or Defendant's
17 profits for a trademark violation.

18       Plaintiff requests an instruction on the effect of notice
19 being given to a person's attorney.  Plaintiff's request is granted,
20 because under California law notice given to an attorney could be
21 deemed notice to the attorney's client.  CAL. CIV. CODE § 2332.  The
22 language of the Licensing Agreement is too vague to conclude, as a
23 matter of law, that the parties have "contracted out of" this portion
24 of California law.

25 DATED:  September 22, 2005
26
                                    <u>/s/ Garland E. Burrell, Jr.</u>
27                                  GARLAND E. BURRELL, JR.
                                    United States District Judge
28

3